UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10760-RWZ

LOUISEMARIE HONOR,
as Executrix of the Estate of LOUISE CORCORAN

v.

JOHNSON & JOHNSON

ORDER

June 19, 2019

ZOBEL, S.D.J.

**I.  Background**

On December 20, 2018, Louisemarie Honor ("plaintiff"), as executrix of the estate of Louise Corcoran ("plaintiff-decedent"), filed suit against Johnson & Johnson and three other defendants in Middlesex Superior Court.[1] Plaintiff alleges that Johnson & Johnson's asbestos-containing talc products caused plaintiff-decedent's mesothelioma and eventual death, and asserts claims of negligence, breach of express and implied warranties, and wrongful death.

On February 13, 2019, Imerys Talc America, Inc., and two of its affiliates (collectively "Imerys"), filed a chapter 11 petition in the United States Bankruptcy Court

---

[1] The case against the other defendants – Coty, Inc., DeMoulas Super Markets, Inc., and Revlon, Inc.– remains pending in state court.

for the District of Delaware.  11 U.S.C. § 101 et seq.  According to Johnson & Johnson, Imerys is its "sole talc supplier."  Docket # 17 at 7.

On April 18, 2019, Johnson & Johnson removed the instant case to this court, with the ultimate aim of transferring it and thousands others to the United States District Court for the District of Delaware.[2]  On May 1, 2019, plaintiff filed an emergency motion to remand.

## II. Analysis

Although Imerys is not a named defendant, Johnson & Johnson asserts that this court has jurisdiction over the instant suit because it is "related to" the Imerys bankruptcy proceedings, 28 U.S.C.§ 1334(b), and properly removable under 28 U.S.C. § 1452(a).

Johnson & Johnson argues that "related-to" jurisdiction exists because (1) pursuant to various supply agreements, Imerys must defend and indemnify Johnson & Johnson against plaintiff's claims; (2) Imerys has sought coverage under shared insurance policies with Johnson & Johnson for expenses incurred in defending other talc-related lawsuits; and (3) the two companies have an identity of interest.  As the defendant seeking removal, Johnson & Johnson bears the burden of establishing federal jurisdiction.  Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).

---

[2] Simultaneous to its removal of state court lawsuits like plaintiff's to federal court, Johnson & Johnson filed a motion to fix venue in the District of Delaware.  That motion is pending.  In re Imerys Talc Am., Inc., No. 19-mc-00103-MN, ECF No. 1 (D. Del. April 18, 2019).  According to Johnson & Johnson, if that motion is granted, the Delaware court could "effectuate transfer of any State Court Talc Claims removed in connection with the ... [m]otion, even if those cases have already been remanded to state court." Docket # 17 at 11.

This case is one of several recently removed by Johnson & Johnson to the United States District Court for the District of Massachusetts. Four of my colleagues have remanded cases presenting the same jurisdictional arguments now advanced by Johnson & Johnson. Mitchell v. Johnson & Johnson et al., 19-cv-10762-FDS, ECF No. 32 (D. Mass. June 12, 2019); O'Riorden v. Johnson & Johnson et al., 19-cv-10751-ADB, ECF No. 25 (D. Mass. June 5, 2019); Rivera v. Johnson & Johnson, 19-cv-10747-LTS, ECF No. 29 (D. Mass. May 31, 2019); Wilson, et al. V. Johnson & Johnson, 19-cv-10764-RGS, ECF No. 19 (D. Mass. May 29, 2019).[3] I, too, believe that remand is required.

First, Johnson & Johnson cannot establish jurisdiction on the basis of non-party Imerys's possible indemnification or defense obligations. The determination of any such liability will likely require separate litigation, distinct from and irrelevant to this plaintiff's claims against Johnson & Johnson alone. See In re W.R. Grace & Co., 412 B.R. 657, 667 (D. Del. 2009) (court lacks "related-to" jurisdiction when subsequent lawsuit against debtor is required to determine indemnification obligations).[4] Moreover, as Judge Sorokin noted in his recent remand order, Imerys's indemnification of Johnson & Johnson is both "hotly disputed" and "surely not automatic." Rivera, 19-cv-10747-LTS, ECF No. 29 at 4.

Similarly unavailing is Johnson & Johnson's argument that jurisdiction exists because of Imerys's alleged rights to shared insurance with Johnson & Johnson. That

---

[3] In each of these cases, Imerys was a named defendant. The fact that Imerys is not a defendant here makes Johnson & Johnson's argument for "related-to" jurisdiction even less persuasive.

[4] I adopt the same approach as Judge Sorokin and assume, without deciding, that Third Circuit law applies to the issue of "related-to" jurisdiction. Rivera, 19-cv-10747-LTS, ECF No. 29 at 3 n.1.

issue is also disputed and likely to be the subject of protracted litigation, separate from plaintiff's lawsuit. And, finally, Johnson & Johnson fails to establish a sufficient identity of interests between it and Imerys such that Imerys is the real party defendant. See id. (quoting A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)).

Lastly, plaintiff's suit has been pending for nearly six months in the state court and involves only Massachusetts law claims. Accordingly, even if jurisdiction existed, equitable considerations, including efficiency and comity, support remand. See 28 U.S.C. § 1452(b).

## III. Conclusion

Plaintiff's motion to remand (Docket # 8) is therefore ALLOWED and the matter is REMANDED to the Middlesex Superior Court.

    June 19, 2019                                       /s/Rya W. Zobel
          DATE                                                RYA W. ZOBEL
                                                          SENIOR UNITED STATES DISTRICT JUDGE